IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMARA LYNN FUTRELL,

        Plaintiff,                  No. 2:10-cv-2424 JAM KJN PS[1]

        v.

SACRAMENTO COUNTY
DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

        Defendant.            <u>ORDER</u>

_____/

        Presently before the court is plaintiff's application to proceed in forma pauperis, which she filed along with her complaint.[2] For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses her complaint pursuant to 28 U.S.C. § 1915(e)(2). Such dismissal is without prejudice, and plaintiff is granted leave to file a first amended complaint.

////

---

[1] This case is related to, but not consolidated with, the matter of <u>Futrell v. Superior Court of Sacramento</u>, Case No. 2:10-cv-2425 JAM KJN PS (E.D. Cal.). (<u>See</u> Related Case Order, Oct. 6, 2010, Dkt. No. 3.)

[2] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I.   <u>Plaintiff's Application to Proceed In Forma Pauperis</u>

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Dkt. No. 2.) Her application and declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants plaintiff's application to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards. Under the notice pleading standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); <u>see also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" <u>See</u> <u>Coto Settlement v. Eisenberg</u>, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Caviness v. Horizon Cmty. Learning Ctr., Inc.</u>, 590 F.3d 806, 812 (9th Cir. 2010) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. <u>Corrie v.</u>

1  Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as
2  true conclusory allegations that are contradicted by documents referred to in the complaint, and
3  [the court does] not necessarily assume the truth of legal conclusions merely because they are
4  cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks
5  omitted).  The court must construe a pro se pleading liberally to determine if it states a claim and,
6  prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an
7  opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See
8  Lopez, 203 F.3d at 1130-31.
9  II.      Screening of Plaintiff's Complaint
10             Although not entirely clear, plaintiff's complaint appears to allege violations of
11 plaintiff's constitutional rights that arose from the taking of her minor children by Sacramento
12 County Child Protective Services and legal proceedings that occurred thereafter.  It appears that
13 plaintiff alleges violations of her due process rights.  Not much more is clear from plaintiff's
14 complaint.
15             The primary pleading deficiency with plaintiff's complaint is that it is very
16 difficult to discern what precise claims plaintiff actually wishes to raise, and which factual
17 allegations support those claims.  It appears that plaintiff may be able to potentially state a claim
18 that will support an order directing that plaintiff's complaint be served on defendant.  However,
19 the undersigned will dismiss plaintiff's complaint at this time and provide plaintiff with an
20 opportunity to file a first amended complaint that contains a "short and plain statement" of each
21 claim showing entitlement to relief.  Plaintiff is advised to review the notice pleading standards
22 described above.  The undersigned emphasizes that the central problem with plaintiff's complaint
23 is not one of length; it is a problem of clarity and organization.  To remedy the problems in her
24 complaint, plaintiff should clearly identify the claims that she wishes to pursue and provide
25 succinct and coherent factual allegations supporting each claim.  Plaintiff should consider
26 identifying each claim by an underlined "header," and conveying the factual allegations

supporting each claim under that specific header.

III.     CONCLUSION

        For the foregoing reasons, IT IS HEREBY ORDERED that:

        1.     Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted.

        2.     Plaintiff's complaint is dismissed without prejudice.  Plaintiff is granted 30 days from the date of this order to file a first amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be entitled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

        Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

        IT IS SO ORDERED.

DATED: February 10, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4