IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMARA LYNN FUTRELL,

      Plaintiff,                      No. 2:10-cv-2424 JAM KJN PS

      v.

SACRAMENTO COUNTY
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.

      Defendants.               ORDER TO SHOW CAUSE
_____/

        In an order signed on April 1, 2011, and entered on April 4, 2011, the court consolidated the three actions filed by plaintiff, which were numbered 2:10-cv-02424 JAM KJN PS; 2:10-cv-02425 JAM KJN PS; and 2:10-cv-03475 JAM KJN PS (TEMP). (See Order, Apr. 4, 2011, Dkt. No. 5.) The court administratively closed the latter two actions. The court further ordered plaintiff to file, within 30 days of April 1, 2011, "a first amended complaint that is complete in itself and addresses all of her claims against all defendants." (Id. at 3.) Plaintiff's first amended complaint in the consolidated action was due on or before May 4, 2011. Plaintiff failed to file such an amended complaint.

        Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the

1

Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing, no later than May 20, 2011, why her lawsuit should not be dismissed for failure to prosecute and failure to follow the court's orders.

2. Plaintiff's failure to file the required writing shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a

1  recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil
2  Procedure 41(b).
3           IT IS SO ORDERED.
4  DATED: May 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE