IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMARA LYNN FUTRELL,

        Plaintiff,              No. 2:10-cv-2424 JAM KJN PS

       v.

SACRAMENTO COUNTY
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.

        Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       These findings and recommendations address plaintiff's failures to prosecute her consolidated action and comply with the court's orders.[1] The undersigned recommends that plaintiff's case be dismissed with prejudice.

I.    <u>BACKGROUND</u>

       In an order signed on April 1, 2011, and entered on April 4, 2011, the court consolidated three actions filed by plaintiff, which were numbered 2:10-cv-02424 JAM KJN PS; 2:10-cv-02425 JAM KJN PS; and 2:10-cv-03475 JAM KJN PS (TEMP). (<u>See</u> Order, Apr. 4, 2011, Dkt. No. 5.) The court administratively closed the two latter-referenced actions. The court

_____

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

further ordered plaintiff to file, within 30 days of April 1, 2011, "a first amended complaint that is complete in itself and addresses all of [plaintiff's] claims against all defendants." (Id. at 3.) Plaintiff was required to file her first amended complaint in the consolidated action on or before May 4, 2011.  Plaintiff failed to file any amended pleading.

As a result of plaintiff's failure to file a timely first amended complaint in conformity with the court's order, the undersigned entered an order to show cause ("OSC") that required plaintiff to "show cause in writing, no later than May 20, 2011, why her lawsuit should not be dismissed for failure to prosecute and failure to follow the court's orders."  (OSC at 2, May 6, 2011, at 2, Dkt. No. 6.)  The OSC included the following admonitions:

> Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

> See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

2

(OSC at 1-2.)  Finally, the OSC stated: "Plaintiff's failure to file the required writing shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b)."  (Id. at 2-3.)

Plaintiff failed to file a response to the OSC.  Indeed, the court's docket reveals that plaintiff has not communicated with the court since the OSC was entered.

II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[2]  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition), cert. denied, 538 U.S. 909 (2003).  This court's Local Rules are in accord. See E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local

---

[2] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of prejudice
> to the defendants; (4) the public policy favoring disposition of
> cases on their merits; and (5) the availability of less drastic
> alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, the five relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal of this action. Plaintiff's failure to file an amended pleading in the consolidated action and her failure to respond to the OSC, despite clear warnings of the consequences for such failures, strongly suggests that plaintiff has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Moreover, although plaintiff had notice of the consequences of not responding to the OSC, she took no action. Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

1          In addition, the third factor, which considers prejudice to a defendant, should be

2    given some weight.  See Ferdik, 963 F.2d at 1262.  Although none of plaintiff's complaints has

3    been served on any defendants in this consolidated action, those defendants remain named in a

4    lawsuit.  It is difficult to quantify the prejudice suffered by defendants here; however, it is

5    enough that defendants have been named in a lawsuit that plaintiff has effectively abandoned.  At

6    a minimum, defendants have been prevented from attempting to resolve this case on the merits

7    by plaintiff's unreasonable delay in prosecuting this action.  Unreasonable delay is presumed to

8    be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

9          The fifth factor, which considers the availability of less drastic measures, also

10   supports dismissal of this action.  As noted above, the court has actually pursued remedies that

11   are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

12   128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

13   actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied,

14   Malone v. Frank, 488 U.S. 819 (1988).  The court excused plaintiff's initial failure to obey the

15   court's order and file an amended complaint and granted plaintiff an opportunity to explain her

16   failure to do so.  Moreover, the court advised plaintiff of the requirement to prosecute her action.

17   It also warned plaintiff in clear terms that failure to respond to the OSC would result in a

18   recommendation of dismissal.  Warning a plaintiff that failure to take steps towards resolution of

19   his or her action on the merits will result in dismissal satisfies the requirement that the court

20   consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a

21   district court's warning to a party that his failure to obey the court's order will result in dismissal

22   can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).

23   At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this

24   action.  This finding is supported by the fact that plaintiff is proceeding in forma pauperis and

25   thus would very likely be unable to pay any monetary sanction imposed in lieu of dismissal.

26          The court also recognizes the importance of giving due weight to the fourth factor,

5

1   which addresses the public policy favoring disposition of cases on the merits.  However, for the

2   reasons set forth above, factors one, two, three, and five strongly support a recommendation of

3   dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

4   proper "where at least four factors support dismissal or where at least three factors 'strongly'

5   support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

6   and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

7   outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,

8   963 F.2d at 1263.

9   III.    CONCLUSION

10          For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

11          1.      Plaintiff's consolidated action be dismissed with prejudice pursuant to

12   Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

13          2.      The Clerk of Court be directed to close this case and vacate all future

14   dates.

15   ////

16   ////

17   ////

18   ////

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

1    These findings and recommendations are submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3    days after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

5    Such a document should be captioned "Objections to Magistrate Judge's Findings and

6    Recommendations."  Any response to the objections shall be filed with the court and served on

7    all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

8    Failure to file objections within the specified time may waive the right to appeal the District

9    Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

10   1153, 1156-57 (9th Cir. 1991).

11        IT IS SO RECOMMENDED.

12   DATED:  May 25, 2011

13

14   _____

15   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26