IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMARA LYNN FUTRELL,

        Plaintiff,

    v.

SACRAMENTO COUNTY
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.

        Defendants.
_____/

No. 2:10-cv-2424 JAM KJN PS

ORDER

By this order, the undersigned: (1) vacates the proposed findings and recommendations entered on May 26, 2011, (2) denies plaintiff's motion to reinstate two of her cases that were previously consolidated with the above-captioned case, and (3) denies plaintiff's apparent request for disqualification of the undersigned.[1]  Much of the background of this action is set forth in previously entered orders and findings and recommendations and, therefore, is not recounted here in great detail.  (See Order, Apr. 4, 2011, Dkt. No. 5; Order to Show Cause, May 6, 2011, Dkt. No. 6; Findings & Recommendations, May 26, 2011, Dkt. No. 7.)

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I.   BACKGROUND

In an order signed on April 1, 2011, and entered on April 4, 2011, the court consolidated three actions filed by plaintiff, which were numbered 2:10-cv-02424 JAM KJN PS; 2:10-cv-02425 JAM KJN PS; and 2:10-cv-03475 JAM KJN PS (TEMP). (See Order, Apr. 4, 2011.) The court administratively closed the two latter-referenced actions. The court further ordered plaintiff to file, within 30 days of April 1, 2011, "a first amended complaint that is complete in itself and addresses all of [plaintiff's] claims against all defendants." (Id. at 3.) Plaintiff was required to file her first amended complaint in the consolidated action on or before May 4, 2011. Plaintiff failed to file any amended pleading.

As a result of plaintiff's failure to file a timely first amended complaint in conformity with the court's order, the undersigned entered an order to show cause that required plaintiff to "show cause in writing, no later than May 20, 2011, why her lawsuit should not be dismissed for failure to prosecute and failure to follow the court's orders." (OSC at 2.) The OSC included an admonition that plaintiff's failure to timely respond to the OSC would result in a recommendation that her case be dismissed. (Id. at 2-3.)

Plaintiff failed to file a timely response to the OSC, and the undersigned subsequently recommended that "Plaintiff's consolidated action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a)." (Findings & Recommendations at 6.)

On May 27, 2011, plaintiff filed a late response to the OSC, which could also be construed as objections to the pending findings and recommendations. (See Response, Dkt. No. 8.) Plaintiff's response is largely difficult to understand, but arguably includes requests: (1) that the court reinstate the two previously-closed actions, and (2) disqualification of the undersigned. The suggested statutory and factual bases for such relief are not clear from plaintiff's filing.

////

## II. THE PENDING FINDINGS & RECOMMENDATIONS

Although the undersigned already recommended the dismissal of plaintiff's action with prejudice as a result of plaintiff's failure to prosecute her action and repeated failures to follow the court's orders, the undersigned vacates the pending findings and recommendations. The undersigned is under no obligation to vacate the pending recommendation of dismissal and has little confidence that plaintiff will be able follow the court's orders in the future. However, plaintiff has indicated—even if in an untimely manner—that she still wishes to prosecute her action. Because of the policies favoring disposition of cases on the merits, and out of an abundance of caution, the undersigned vacates the pending recommendation of dismissal and permits plaintiff a *final opportunity* to comply with the court's orders and file an amended complaint.

## III. REINSTATEMENT OF THE ALREADY-CLOSED ACTIONS

Plaintiff requests the reinstatement of the cases numbered 2:10-cv-02425 JAM KJN PS, and 2:10-cv-03475 JAM KJN PS (TEMP), which were administratively closed. (Response at 6.) She provides no legal or factual basis for such relief. The undersigned concludes that the consolidation of plaintiff's three cases was appropriate and denies plaintiff's request.

## IV. REQUEST FOR DISQUALIFICATION

The statutory basis for plaintiff's apparent request for disqualification is not clear from her response. Nor is it entirely clear which acts of the undersigned provide the factual basis for plaintiff's request for disqualification. However, it is clear that plaintiff takes issue with the handling of her three cases by the court, and her grounds for disqualification relate only to the manner in which the undersigned has presided over her cases. For example, plaintiff disagrees with the consolidation of her three actions. (See Response at 6, 10.)

Pursuant to 28 U.S.C. § 144, a party may file a "timely and sufficient affidavit" seeking to preclude the assigned judge from presiding over the matter any further as a result of "a

personal bias or prejudice" as to a party in the action. Section 144 provides, in its entirety:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Additionally, a United States magistrate judge may disqualify himself or herself for several reasons presented in 28 U.S.C. § 455. For example, "[a]ny . . . magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Moreover, a magistrate judge "shall also disqualify himself [or herself] . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. § 455(b)(1).

The Ninth Circuit Court of Appeals has held that "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Hernandez, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (per curiam) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)); accord Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).

In United States v. Grinnell Corp., 384 U.S. 563 (1966), the United States Supreme Court stated that in order for the "alleged bias and prejudice to be disqualifying" in the context of a Section 144 affidavit, it must stem from an "extrajudicial source." Id. at 583. In Liteky v. United States, 510 U.S. 540 (1994), the Supreme Court extended the so-called "extrajudicial source doctrine" to disqualifications pursuant to 28 U.S.C. § 455, but clarified that

4

the alleged bias must *usually* arise from an extrajudicial source.  See id. at 554-55 (stating that "it would be better to speak of the existence of a significant (and often determinative) 'extrajudicial source' factor, than of an 'extrajudicial source' doctrine, in recusal jurisprudence).  In so holding, the Court explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Id. at 555 (citation omitted); see also United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) ("We have described the extrajudicial source factor as involving 'something other than rulings, opinions formed or statements made by the judge during the course of trial.'") (quoting United States v. Holland, 519 F.3d 909, 914 (9th Cir. 2008)).  "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration."  Pesnell, 543 F.3d at 1044 (citing Liteky, 510 U.S. at 555-56).

Here, the extrajudicial source factor applies to plaintiff's apparent request for disqualification and forecloses plaintiff's request.  Plaintiff has simply failed to identify any extrajudicial source that gives rise to her request for disqualification.  Instead, plaintiff's complaints stem entirely from the undersigned's judicial rulings in plaintiff's actions.  Thus, plaintiff's request for disqualification is squarely foreclosed by the Supreme Court's decision in Liteky and the Ninth Circuit Court of Appeals's subsequent decisions that are in accord with

5

<u>Liteky</u>.  Accordingly, plaintiff's request for disqualification is denied.

V.      CONCLUSION

For the foregoing reasons, IT IS ORDERED that:

1.      The proposed findings and recommendations filed on May 26, 2011 (Dkt. No. 7), are vacated.

2.      Plaintiff's request for the reinstatement of the cases numbered 2:10-cv-02425 JAM KJN PS, and 2:10-cv-03475 JAM KJN PS (TEMP), is denied.

3.      Plaintiff's request for disqualification is denied.

4.      <u>Plaintiff is granted 14 days from the date of this order to file a first amended complaint that is complete in itself and addresses *all* of her claims against *all* defendants</u>.  The first amended complaint must bear the docket number 2:10-cv-02424 JAM KJN PS and must be entitled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).

Plaintiff's failure to timely file an amended complaint in accordance with this order and the court's prior screening orders shall constitute the basis for, *and plaintiff's consent to*, the involuntarily dismissal of plaintiff's case with prejudice pursuant to Federal Rule of Civil

////

6

Procedure 41(b).²

IT IS SO ORDERED.

DATED: June 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

² Plaintiff is *again* advised that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).